**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

AMARA HAMMOND,

Plaintiff,

v.

PCB SUNSETS, LLC,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Amara Hammond, by and through undersigned counsel, and files this Complaint for Damages against Defendant PCB Sunsets, LLC ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Michael A. Moore, 3202 Hwy. 5, Douglasville, Georgia 30135.

## FACTUAL ALLEGATIONS

6.

Defendant has now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff was hired by Defendant on June 12, 2021.

8.

Plaintiff suffers from a disability, within the meaning of the ADA, of which Defendant had actual knowledge. In particular, Plaintiff suffers from Turner Syndrome and is 4’6” in height.

9.

After completing orientation on June 14, 2021, Plaintiff was asked to come into a meeting with one of Defendant’s managers and a team leader. The manager asked whether Plaintiff would be able to due the work given her height.

10.

Plaintff affirmed that she could work.

11.

The team leader stated she did not want to waste Plaintiff’s time and that Plaintiff would not be able to do the job.

12.

Plaintiff’s disability did not pose a safety issue and she was and remains able to perform the duties of the position for which she was hired, with or without a reasonable accommodation.

13.

Defendant terminated Plaintiff because of her disability and/or need for an accommodation.

14.

In terminating Plaintiff's employment and failing to provide her with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of her disability.

15.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (ADA DISCRIMINATION AND RETALIATION)

16.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

17.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

18.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

19.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

20.

At times relevant to this action, Defendant and all individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

21.

Plaintiff's disability and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

22.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

23.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

24.

In terminating Plaintiff and failing to provide her with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of her disability or perceived, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

25.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

26.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

27.

Plaintiff seeks and is entitle to compensatory and punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Special damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)   All other relief to which he may be entitled.

This 17th day of September, 2021.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com